IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DESMOND BELLARD,

        Petitioner,

    v.

RONALD WYDEN,
*U.S. Senator,*

        Respondent.

Case No. 3:25-CV-00611-AB

OPINION AND ORDER

**BAGGIO, District Judge:**

### INTRODUCTION

Petitioner Desmond Bellard has filed a proceeding for proceeding in quo warranto and seeks an order removing respondent Ronald Wyden, who is a United States Senator, from office. *See* Second Corrected and Amended Petition, Notice of Removal, Exhibit C ("Second Pet. or Second Petition", ECF 1-3). The proceeding essentially challenges Respondent's authority to hold public office. *See* Motion to Dismiss Second Corrected and Amended Petition for Proceeding in *Quo Warranto* ("Mot.", ECF 10), 8[1], n1. Pending before the Court is Respondent's motion to dismiss the proceeding for lack of jurisdiction and failure to state a claim. Mot., 1. Petitioner did not file a response to Respondent's motion in the time allowed. *See* LR 7-1(e)(1). As discussed

---

[1] For clarity, citation to the motion and attached supporting memorandum refers to the CM/ECF pagination in the header of the document rather than the pagination in the footer.

1 – OPINION AND ORDER

below, the Court GRANTS Respondent's motion and dismisses this proceeding for lack of jurisdiction.

## DISCUSSION

Under Oregon law, a proceeding to challenge a person's right to hold public office must be "commenced and prosecuted by the district attorney," not a private citizen. ORS §§ 30.510, 30.610; *see also Mabon v. Wilson*, 340 Or. 385, 394 (2006) (confirming that only a district attorney may initiate a quo warranto proceeding in Oregon). Petitioner is not a district attorney. *See* Second Pet., 1.[2] Moreover, Petitioner has not been able to obtain the assistance of a district attorney in commencing this proceeding. *See id.* at 4. (stating that Petitioner was informed by a deputy district attorney that the district attorney would not initiate the proceeding). Accordingly, the Court concludes that it lacks jurisdiction to hear this proceeding, *Mabon*, 340 Or. at 394, and dismisses it with prejudice. *See Ho v. Russi*, 45 F. 4th 1083, 1086 (9th Cir. 2022) (dismissal is appropriate when jurisdiction is "obviously not curable").[3]

///

///

///

///

///

---

[2] For clarity, citation to Second Petition refers to the CM/ECF pagination in the header of the document rather than the pagination at the top right.

[3] Respondent advances several other arguments regarding lack of jurisdiction and argues that dismissal for failure to state a claim is appropriate, but because the Court finds that it lacks jurisdiction over this proceeding under ORS §§ 30.510, 30.610 it does not reach Respondent's other arguments. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (federal courts have limited jurisdiction and may only consider claims for which they have subject matter jurisdiction).

2 – OPINION AND ORDER

## CONCLUSION

The Court GRANTS Respondent's Motion to Dismiss [10] and dismisses this proceeding with prejudice.

IT IS SO ORDERED.

DATED this  5th  day of June 2025.

_____
AMY M. BAGGIO
United States District Judge

3 – OPINION AND ORDER